**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LANDES BUCKHALTER,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. JUSTIN SHERFEY,<br><br>    Defendant. | Case No. 2:22-cv-08754-JVS (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On November 28, 2022, plaintiff, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff is a state prisoner who is presently incarcerated at the California State Prison in Lancaster ("CSP-LAC"). Plaintiff additionally filed a Request to Proceed Without Prepayment of Filing Fees, which was granted. (ECF Nos. 2, 4-5.) Plaintiff names only one defendant in this action, Dr. Sherfey, who is identified as a "doctor / surgeon." (ECF No. 1 at 3.) Plaintiff purports to raise one claim, in which he references both the Eighth Amendment's Cruel and Unusual Punishment Clause and the Fourteenth Amendment's Due Process Clause. (*Id.* at 5.) Plaintiff's one claim appears to arise from an unspecified surgery that Dr. Sherfey performed on plaintiff's arm on September 9, 2020. Plaintiff alleges that the procedure was performed at "Palmdale

Regional Medical Center." (*Id.*) Plaintiff seeks monetary damages. (*Id.* at 7.) Plaintiff's Complaint is not signed or dated. (*Id.*)

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court has screened the Complaint prior to ordering service to determine whether the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A, 1915(e)(2); 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory. *See, e.g., Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under the PLRA, the court applies the same standard as applied in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of fact must be taken as true and construed in the light most favorable to plaintiff. *See, e.g., Soltysik v. Padilla*, 910 F.3d 438, 444 (9th Cir. 2018). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a court first "discount[s] conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013); *see also Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation or an unadorned, the-defendant-unlawfully-harmed-me accusation." *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (internal quotation marks and citations omitted).

Because plaintiff is appearing *pro se*, the Court construes the allegations of the pleading liberally and affords plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). Nevertheless, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) ("Rule 8") states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) *a short and plain statement of the claim showing that the pleader is entitled to relief*; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added.) Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g.,*

*Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be "wholly without merit." *See McHenry*, 84 F.3d at 1179.

Following review of the Complaint, the Court finds that plaintiff's pleading does not comply with Rule 8 because it fails to include a short and plain statement of each claim that is sufficient to give the defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Further, as currently pled, the factual allegations appear insufficient to state a federal civil rights claim on which relief may be granted against the one named defendant. Accordingly, the Complaint is dismissed with leave to amend to correct the deficiencies as discussed in this Order. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed herein.** Plaintiff is admonished that, if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of

his pleading, the Court will recommend that this action be dismissed with prejudice and without further leave to amend.[1]

A.    RULE 8

Plaintiff's pleading violates Rule 8 in that it fails to allege a minimum factual and legal basis for each claim that is sufficient to give the defendant fair notice of what federal claim(s) plaintiff is raising in this action and which factual allegations in the pleading give rise to each such claim.

Initially, plaintiff is admonished that, irrespective of his *pro se* status, he must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California ("L.R."). *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules"); L.R. 1-3; L.R. 83-2.2.3 ("Any person appearing *pro se* is required to comply with these Local Rules and with" the Federal Rules.). Plaintiff's Complaint violates, *inter alia*, L.R. 11-3.3 requiring that each page of a pleading be numbered consecutively, L.R. 11-5.2 requiring that exhibits attached to a pleading be numbered consecutively to the pleading, and L.R. 11-1 requiring that all documents be signed by a party appearing *pro se*.

Further, plaintiff appears to be bringing only one claim in this action, but, within that claim, plaintiff references both the Eighth and Fourteenth Amendments. (ECF No. 1 at 5.) Plaintiff's factual allegations in the pleading appear to pertain to

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

one medical procedure performed by the sole named defendant in this action. (*Id.* at 5-6.) Plaintiff does not appear to set forth any facts concerning a violation of his due process rights, so it is unclear how plaintiff's citation to the Fourteenth Amendment relates to his Claim I or to any other claim that plaintiff may be intending to raise in this action. (ECF No. 1 at 5.)

Because plaintiff is appearing *pro se*, the Court must construe his allegations liberally and must afford him the benefit of any doubt, but the Court does not accept as true conclusory allegations that are unsupported by specific facts. *See, e.g., Salameh*, 726 F.3d at 1129; *Hebbe*, 627 F.3d at 342. Accordingly, plaintiff's unsupported allegations that unspecified actions by Dr. Sherfey "physically damaged" plaintiff's arm and that Dr. Sherfey "caused extreme damage to [plaintiff]s arm and made [his] arm worse" (ECF No. 1 at 5) are insufficient to state a plausible claim under the Eighth Amendment. *See, e.g., Keates*, 883 F.3d at 1243. A pleading such as plaintiff's Complaint that merely alleges "naked assertion[s] devoid of further factual enhancement" is insufficient to comply with Rule 8. *Iqbal*, 556 U.S. at 678 (alteration in original, internal quotation marks omitted).

Moreover, to state a federal civil rights claim against a specific defendant, a pleading must set forth facts alleging that such defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the United States Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)) (emphasis and alteration in original). Here, the only defendant named in this action appears to a doctor at a medical facility that does not appear to be part of the state prison where plaintiff presently is

incarcerated. Plaintiff does not allege that Dr. Sherfey is an employee of the state, and plaintiff sets forth no facts showing how Dr. Sherfey was acting under color of state law when he operated on plaintiff's arm. Plaintiff has not alleged that he sought medical treatment from any medical official at CSP-LAC at any relevant time, that any medical official at CSP-LAC referred plaintiff to Dr. Sherfey, or even that plaintiff was incarcerated at the time that he was treated by Dr. Sherfey in September 2020. Rather, Dr. Sherfey appears to be a private person. "Section 1983 liability extends to a private party where the private party engaged in state action under color of law and thereby deprived a plaintiff of some right, privilege, or immunity protected by the Constitution or the laws of the United States." *Brunette v. Humane Society of Ventura Cnty.*, 294 F.3d 1205, 1209 (9th Cir. 2002). Here, as currently pled, plaintiff has not alleged that Dr. Sherfey was engaged in state action during plaintiff's one-time treatment. Therefore, it appears to the Court that plaintiff has failed to name as a defendant any individual who was acting under color of state law when he or she caused plaintiff to suffer an alleged deprivation of his constitutional rights.

Accordingly, to the extent that plaintiff wishes to state one or more federal civil rights claims against a specific defendant, plaintiff should set forth in a First Amended Complaint "simply, concisely, and directly" the actions that each such defendant took while acting under state law that *caused* plaintiff to suffer a specific constitutional deprivation. *See, e.g., Johnson*, 574 U.S. at 12.

The only factual allegations that plaintiff sets forth are that the defendant performed an unspecified type of surgery on plaintiff's arm on September 9, 2020. (ECF No. 1 at 5.) Plaintiff alleges that his arm was "physically damaged," and that he suffers from pain and numbness in his arm and fingers. (*Id.*) Plaintiff also alleges that the defendant "detached muscles and attached them to other muscles." (*Id.*) Plaintiff, however, sets forth no facts showing the reason for the surgery, how he came to be treated by Dr. Sherfey, or what physical damage he alleges was caused

by the surgery rather than by his unspecified underlying medical condition. Plaintiff additionally alleges that he now suffers from arthritis, which he "neve [sic] experienced prior to this surgery." (*Id.* at 6.) Plaintiff does not allege in what part of his body he is now experiencing "arthritis," when this condition arose, or how the condition is connected to the surgery performed on his arm by Dr. Sherfey. Moreover, plaintiff fails to allege that he has ever sought or received medical treatment for his arthritis. Nothing in the limited factual allegations in the Complaint raises a plausible inference that any action (or failure to take action) by Dr. Sherfey caused plaintiff to suffer from arthritis, or that such arthritis is a serious medical issue.

Accordingly, plaintiff has failed to meet his pleading burden of alleging that a named defendant deprived him of a right guaranteed under the United States Constitution or a federal statute while acting under color of state law. Plaintiff's pleading fails to clearly allege how any state actor took an affirmative act, participated in another's affirmative act, or failed to perform an act that he or she was legally required to do that *caused* plaintiff to suffer a specific constitutional deprivation. To state a claim against an individual defendant, plaintiff must allege sufficient factual allegations to nudge each claim plaintiff wishes to raise against a particular defendant "across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 570; *see also McHenry*, 84 F.3d at 1177 (Rule 8 requires at a minimum that a pleading allow each defendant to discern what he or she is being sued for).

As noted above, the Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). In addition, the Supreme Court has held that, while a plaintiff need not plead the exact legal basis for a claim, plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform a defendant of

the factual grounds for each claim. *Johnson*, 574 U.S. at 12. In the Complaint, plaintiff fails to meet this burden. As currently pled, it is not clear how many claims plaintiff is purporting to raise herein, how Dr. Sherfey was acting under color of state law at any relevant time, or what action taken by Dr. Sherfey is alleged to have *caused* which violation of plaintiff's federal civil rights. The Court therefore finds that plaintiff's pleading violates Rule 8 because it fails to set forth a minimal factual and legal basis for any claim sufficient to give the defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.

### B.    EIGHTH AMENDMENT CLAIM(S)

Plaintiff purports to raise his claim(s) under the Eighth Amendment arising from medical treatment that Dr. Sherfey provided one time on September 9, 2020. To state a claim or claims for constitutionally inadequate medical care under the Eighth Amendment, a prisoner must show that a specific defendant was deliberately indifferent to his serious medical needs. *See Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "This includes both an objective standard -- that the deprivation was serious enough to constitute cruel and unusual punishment -- and a subjective standard -- deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation marks omitted).

First, to meet the objective element of a deliberate indifference claim, a prisoner "must demonstrate the existence of a serious medical need." *Colwell*, 763 F.3d at 1066. "A medical need is serious if failure to treat it will result in significant injury or the unnecessary and wanton infliction of pain." *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (internal quotation marks omitted). In his Complaint, plaintiff does not set forth any facts showing that he suffered from a serious medical need before he was treated by Dr. Sherfey. In addition, plaintiff does not allege the purpose of the surgery, what type of surgery was performed, or what underlying medical condition caused plaintiff to seek treatment from Dr. Sherfey.

Further, although plaintiff alleges that, subsequent to his one visit with Dr. Sherfey, plaintiff has suffered pain, numbness, loss of motion, and arthritis (ECF No. 1 at 5-6), plaintiff sets forth no facts showing that plaintiff sought further medical treatment from Dr. Sherfey for any of these medical conditions. Similarly, plaintiff's Complaint does not allege that Dr. Sherfey failed to provide constitutionally adequate medical care at any time subsequent to plaintiff's surgery on September 9, 2020. Accordingly, plaintiff's Complaint fails to allege sufficient facts to allow the Court to draw a plausible inference that plaintiff was suffering from a serious medical need prior to what appears to have been his one encounter with Dr. Sherfey.

Second, to meet the subjective element of a deliberate indifference claim, "a prisoner must demonstrate that a specific state official acted with deliberate indifference." *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal quotation marks omitted). Deliberate indifference may be manifested by the intentional denial, delay, or interference with a prisoner's medical care. *See Estelle*, 429 U.S. at 104-05. The official, however, "must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi*, 391 F.3d at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)); *see also Colwell*, 763 F.3d at 1066 (a "prison official is deliberately indifferent . . . only if the official knows of and disregards an excessive risk to inmate health and safety" (internal quotation marks omitted)). Thus, an inadvertent failure to provide adequate medical care, negligence, a mere delay in medical care (without more), or a difference of opinion over proper medical treatment, are all insufficient to constitute an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-07; *Toguchi*, 391 F.3d at 1059-60; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

Here, plaintiff's Complaint fails to set forth any factual allegations showing that the only named defendant was aware that plaintiff suffered from a serious medical need at any relevant time, that Dr Sherfey was "aware of facts from which the inference could be drawn that a substantial risk of serious harm" to plaintiff existed in the absence of additional medical treatment, or that Dr. Sherfey knew of and disregarded an excessive risk to plaintiff's health arising from his failure to provide additional treatment for any serious medical need. *See, e.g., Toguchi*, 391 F.3d at 1057. To the contrary, it appears that plaintiff is alleging that he received medical treatment from Dr. Sherfey on one occasion. Further, although plaintiff appears to allege that Dr. Sherfey was negligent during that treatment, mere negligence or "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Even accepting as true the factual allegations in the pleading for the purpose of determining whether plaintiff's Complaint states any claim upon which relief may be granted, plaintiff fails to allege that he (or anyone else) informed Dr. Sherfey of any serious medical issues subsequent to the surgery Dr. Sherfey performed on plaintiff's arm, or that plaintiff ever sought and was refused further medical treatment from Dr. Sherfey. Moreover, as discussed above, plaintiff has failed to set forth any facts raising a plausible inference that Dr. Sherfey was engaging in state action under color of law at the time that he performed surgery on plaintiff's arm.

To the extent that plaintiff purports to raise a claim for medical malpractice, this Court does not have original jurisdiction over a claim that arises under state law. "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). "Absent a substantial federal question," a district court lacks subject matter jurisdiction, and claims that are "wholly insubstantial" or "obviously frivolous" are

insufficient to "raise a substantial federal question for jurisdictional purposes." *Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015). From the very few factual allegations in the Complaint, it appears that plaintiff may be attempting to raise a claim for medical malpractice, but this Court lacks subject matter jurisdiction over such a claim.

If plaintiff wishes to state a federal civil rights claim pursuant to the Eighth Amendment or the Fourteenth Amendment against Dr. Sherfey, then plaintiff should set forth in a First Amended Complaint a short and plain statement of the actions that such defendant is alleged to have taken, or failed to have taken, while acting under color of state law, that caused plaintiff to suffer a specific constitutional deprivation.

************

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the pleading deficiencies discussed above.** The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading or document.

Plaintiff is admonished that, irrespective of his *pro se* status, if plaintiff wishes to proceed with this action, then he must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. In particular, plaintiff must sign and date his First Amended Complaint.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint. Further, if plaintiff feels that any document is integral to any of his

claims, then he should attach such document as an exhibit at the end of the First Amended Complaint and clearly allege the relevance of each attached document to the applicable claim raised in the First Amended Complaint.

In addition, if plaintiff no longer wishes to pursue this action, then he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or if he fails to remedy the deficiencies of this pleading as discussed herein, then the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

**IT IS SO ORDERED**.

DATED: 3/10/2023

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE